IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICIA IANNOTTA, | : | |
| | : | |
| Plaintiff, | : | No. |
| | : | |
| v. | : | |
| | : | |
| WYNDHAM PITTSBURGH UNIVERSITY CENTER, | : | **JURY TRIAL DEMANDED** |
| | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

Plaintiff Patricia Iannotta ("Mrs. Iannotta"), by her counsel, files this Complaint against Defendant Wyndham Pittsburgh University Center ("Wyndham") as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to the Family Medical and Leave Act, 29 U.S.C. § 2611, *et seq.* ("FMLA"). This Court has jurisdiction over these claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3) and (4).

2. Venue is proper pursuant to 28 U.S.C. § 1391(b) because each claim arose in the Western District of Pennsylvania and because Mrs. Iannotta resides in this District.

### PARTIES

3. Mrs. Iannotta is an adult individual residing in the Western District of Pennsylvania. At all relevant times, Mrs. Iannotta was FMLA eligible. At all relevant times, Mrs. Iannotta attempted to use FMLA to care for her daughter and husband's serious medical conditions, including physical impairments that substantially limited one or more major life activities.

4.	Wyndham is a Pennsylvania corporation with a principal place of business at 100 Lytton Avenue, Pittsburgh, Pennsylvania 15213.  At all relevant times, Wyndham was acting by and through its duly authorized administrators, agents and/or employees, who at all relevant times were acting within the course and scope of their employment, and/or in accordance with its policies, customs and practices.

**FACTS**

5.	Wyndham is a hospitality branch of Wyndham Hotels & Resorts and specializes in restaurant and ballroom catering.

6.	Mrs. Iannotta began working for Wyndham at its Pittsburgh University Center in October 2014 as the Director of Sales and Marketing.

7.	At all relevant times, Mrs. Iannotta received at least satisfactory performance reviews, was never disciplined, and was diligent in her work.

8.	On January 3, 2018, Mrs. Iannotta requested time off under the FMLA to care for her minor biological daughter, who was undergoing serious knee surgery January 8, 2018 and would thus be incapable of self-care in caring appropriately for her grooming and hygiene, bathing, dressing and eating, among other things, following her knee surgery.

9.	Julia Bennet and Samantha Hoffman, both of whom were human resources representatives for Wyndham, denied Mrs. Iannotta's request for leave under the FMLA and failed to provide her with any information on her rights under the FMLA.

10.	On January 18, 2018, Mrs. Iannotta again requested leave under the FMLA, this time to care for the serious medical conditions of her disabled husband.

11. Mrs. Iannotta's husband suffered a stroke in 2011 and since that time has been unable to care for himself and is solely dependent on others—including Mrs. Iannotta—for his care.

12. In April 2017, Mrs. Iannotta's husband broke his pelvis and suffered a subdural hematoma which required serious surgery in January 2018 and thus her request for leave was to care for him following that surgery.

13. Mrs. Iannotta's request for leave under the FMLA to care for her disabled husband was likewise denied and she likewise was not provided any information on her rights under the FMLA.

14. Despite having her leave requests denied, Mrs. Iannotta took time off to care for her minor daughter and disabled husband in January 2018.

15. On February 1, 2018, Wyndham placed Mrs. Iannotta on a performance improvement plan despite the fact that she received an excellent performance review on December 31, 2017 and despite the fact that she had not been disciplined as part of that review nor had she been placed on a performance improvement plan as part of it.

16. Mrs. Iannotta had never previously been placed on a performance improvement plan; nevertheless, Mrs. Iannotta worked to achieve the goals set out in that plan and in fact met those goals.

17. On March 31, 2018, Mrs. Ianotta's husband was taken to the emergency room for an infection relating to his prior surgery and, although Mrs. Iannotta again requested time off under the FMLA to care for disabled husband, her request was denied.

18. Wyndham never explained to Mrs. Iannotta why her requests for FMLA were being denied.

19. Mrs. Iannotta was terminated from her employment on May 4, 2018.

20. Mrs. Iannotta never received the FMLA benefits from Wyndham for which she was entitled, and she was terminated by Wyndham because she sought to exercise her rights under the FMLA.

## COUNT I

### Interference under the FMLA

21. All paragraphs herein are incorporated by reference.

22. Mrs. Iannotta was an eligible employee under the FMLA.

23. Wyndham is subject to the FMLA's requirements.

24. Although Mrs. Iannotta was entitled to leave under the FMLA, she was terminated by Wyndham and thus denied the benefits to which she was entitled under the FMLA after she gave notice of her intention to take FMLA leave.

## COUNT II

### Retaliation under the FMLA

25. All paragraphs herein are incorporated by reference.

26. Mrs. Iannotta was terminated from Wyndham simultaneously with or shortly or immediately after invoking her right to FMLA-qualifying leave, sufficiently raising an inference of retaliation.

### PRAYER FOR RELIEF

WHEREFORE, Mrs. Iannotta requests that this Court grant the following relief where applicable:

a. That Wyndham be required to compensate her for back pay, front pay and other damages in the form of lost wages, and lost or reduced benefits, with interest until the date of any verdict as to be determined at trial;

b. Liquidated damages in an amount to be determined at trial;

c. Attorney's fees and costs; and

d. All other relief this Court deems just and proper.

                Respectfully submitted,

                THE LAW OFFICES OF TIMOTHY P. O'BRIEN

                /s/ Alec B. Wright
                Alec B. Wright
                Pa. ID No. 316657

                Henry W. Oliver Building
                525 Smithfield Street, Suite 1025
                Pittsburgh, PA 15222
                (412) 232-4400
                abw@obrienlawpgh.com

                *Counsel for Plaintiff, Patricia Iannotta*